# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# SAN ANGELO DIVISION

| | |
|---|---|
| JULIA M. EVANS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:20-cv-00116 |
| TOLEDO FINANCE CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Julia M. Evans ("Plaintiff"), by and through her undersigned attorneys, complaining of Toledo Finance Corporation ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas, Plaintiff resides in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a loan provider with its principal place of business located at 27 N 11th Street, Beaumont, Texas 77702.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In or around 2019, Plaintiff acquired a small loan of approximately $2,000.00 serviced by Defendant ("subject debt").

8. Due to financial hardship, Plaintiff was unable to maintain timely payments and the subject debt fell into default status.

9. In or around May 2020, Defendant began placing collection calls to Plaintiff's cellular telephone number (325) XXX-4980, in an attempt to collect on the defaulted subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 4980.

11. In or around July 2020, Plaintiff answered a call from Defendant. Plaintiff requested that Defendant stop calling her and advised Defendant of her intent to file bankruptcy. Plaintiff subsequently provided her attorney contact information to Defendant.

12. Despite Plaintiff's requests, Plaintiff has continued to receive numerous collection calls from Defendant.

13. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

2

15. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

16. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

25. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

26. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

27. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from spring 2020 through the present day, using an ATDS without her prior consent.

28. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

29. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

30. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

31. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JULIA M. EVANS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from further contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and reallages paragraphs 1 through 33 as through fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

37. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA §392.304

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that, "…a debt collector may not use fraudulent, deceptive, or misleading representation that employs…misrepresenting the character, extent, or amount of the consumer debt…"

39. Defendant violated Tex. Fin. Code Ann § 392.304(8) when it continued to call Plaintiff's cellular phone numerous times after she notified them to stop. Furthermore, Plaintiff provided Defendant with her bankruptcy attorney's information. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately pay the subject debt.

40. Upon being told to stop calling and providing Plaintiff's bankruptcy attorney information, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that is conduct was unwelcome.

**WHEREFORE**, Plaintiff JULIA M. EVANS respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 9, 2020                                    Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com